**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39951**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 769 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STACEY JAMES STORMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence and an order denying an I.C.R. 35 motion for reduction of sentence. We affirm.

Stacey James Storms pled guilty to one count of felony driving under the influence. I.C. §§ 18-8004, 18-8005. Following his plea, Storms was sentenced to ten years, with a minimum period of confinement of three years. The district court retained jurisdiction, and Storms was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

1

After Storms completed evaluation, staff at NICI, by way of an addendum to the presentence investigation report, recommended relinquishment of jurisdiction and the district court relinquished jurisdiction. Storms filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Storms appeals, claiming that the district court erred in relinquishing jurisdiction, that his sentence is excessive, and that the district court erred in denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Storms also alleges that the district court erred in not holding a hearing prior to relinquishment of jurisdiction. However, there is no constitutional requirement that the district court conduct a hearing before deciding whether to relinquish jurisdiction or place a defendant on probation. *See State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 296 (2001).

The record in this case shows that the district court properly considered the information before it and determined that a review hearing was not necessary and that probation was not appropriate. We hold that Storms has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Storms also contends that the unified sentence ten years, with a minimum period of confinement of three years, is excessive and constitutes an abuse of discretion and that the district court erred in denying his Rule 35 motion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of

2

new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

As noted above, however, the district court determined that probation was not an appropriate course of action in Storms' case. The record does not indicate that a unified term of ten years, with a minimum period of confinement of three years, was an abuse of discretion in this case. Accordingly, Storms has not shown that the sentence is excessive or that and the district court erred in denying Storms' Rule 35 motion.

The order of the district court relinquishing jurisdiction, and Storms' sentence, and the order denying Storms' Rule 35 motion are affirmed.